## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DONALD J. SMITH, JR., JEFF L. MOSS, and WALTER L. HANDY, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CAUSE NO. 3:07-CV-377 TLS |
| DALE CAMPBELL, GENE L. ISSACS, Sheriff, and CASS COUNTY COMMISSIONERS, ) ) ) ) | |
| Defendants. ) | |

## OPINION AND ORDER

Donald Smith, Jeff Moss, and Walter Handy, *pro se* prisoners, submitted a complaint under 42 U.S.C. § 1983 and petitions to proceed *in forma pauperis*. "Because the PLRA does not repeal or modify Rule 20, district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). Therefore, before allowing this multi-plaintiff prisoner lawsuit to proceed, the Court must determine whether the permissive joinder requirements of Rule 20 are satisfied. "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. The Seventh Circuit has explained:

> [W]e also accord wide discretion to a district court's decision concerning the joinder of parties. We have recognized that this discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. If joinder would create prejudice, expense or delay the court may deny the motion.

Dockets.Justia.com

*Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (citations and quotation marks omitted). Based on the facts of this case, joinder is not appropriate.

Each of these plaintiffs is proceeding *pro se* and none of them may represent each other. As a result, each plaintiff must read and sign each filing related to his claims. Inmates are frequently released, transferred, or relocated within facilities such that they are no longer in contact with each other. When inmate plaintiffs are housed separately and a filing is not jointly signed, Rule 5 of the Federal Rules of Civil Procedure requires that it be served on all other parties, including the other plaintiffs. For legitimate security reasons, institutional rules prohibit inmates from corresponding within and between facilities, thereby making compliance with Rule 5 impossible. Additionally, convicted inmates can be relocated at any time. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995).

Separating different lawsuits into separate cause numbers is the routine manner for organizing court documents. Rule 21 provides that, "[p]arties may be dropped [from a case] . . . on such terms as are just." Though it would be unjust to merely dismiss all but the lead plaintiff, it is just to drop the other plaintiffs from this case and direct the clerk to open separate cases for each of them. Nevertheless, this does not preclude any or all of the plaintiffs from cooperating to the extent that they are able, nor does it prevent these cases from being consolidated for trial if that becomes appropriate at a later date. Rather, separating these *pro se* prisoners into individual cases will merely permit the efficient and just adjudication of their claims.

Accordingly, the Court DISMISSES plaintiffs Moss, and Handy; DIRECTS the clerk of this court to open a separate case for plaintiffs Moss and Handy with the complaint from this case and a copy of any other pertinent filing from this case which is relevant to the new case; and DIRECTS the clerk to assign each of the newly opened cases to the same judge who is assigned to this case.

SO ORDERED on August 28, 2007.

        s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION